UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD LEE BROWN,

    **Plaintiff,**

vs.                            CASE NO. 1:23-cv-00116-AW-MAF

MICHAEL NIGH,
et al.,

    **Defendants,**
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee, is a "three-striker" under the Prison Litigation Reform Act (PLRA) who did not pay the $402 filing fee at the time he initiated this case. ECF No. 1. Also, under the penalty of perjury, in the complaint, Plaintiff made affirmative misrepresentations regarding his litigation history. Id. A Report recommending dismissal remains pending. ECF No. 5. The Report also advised dismissal would not prejudice Plaintiff because he could refile his complaint subject to a new case number and a separate filing fee. Id., p. 10. It was not an invitation to amend. Rather than file objections, Plaintiff filed a second motion to proceed *in forma pauperis* (IFP) and an amended complaint, which attempts to cure the affirmative misrepresentations identified in the Report and argues he meets the

"imminent danger" exception to the "three-striker" rule. ECF Nos. 7, 8. The Court screened the amended complaint as required. See 28 U.S.C. § 1915A. This supplemental report follows. It remains that this case should be dismissed pursuant to the "three-striker" provision and as an abuse of the judicial process.

**I.   Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case

he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

This Court must ensure its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II. Plaintiff's Amended Complaint, ECF No. 8.

Plaintiff initiated this case on **May 8, 2023**. ECF No. 1. The amended complaint presents the same allegations as the initial complaint. ECF No. 7. Plaintiff sued Michael Nigh and Nurse Weir, in their individual capacities,

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 1:23-cv-00116-AW-MAF

alleging assault and battery, excessive use of force, and deliberate indifference to a serious medical need in violation of the Eighth Amendment. ECF No. 7, pp. 2-3, 11.

Plaintiff alleged that he was assaulted by Nigh on September 22, 2022, when he was reported for masturbating in a corner. Id., p. 5. Nigh punched Plaintiff in the head, slammed his head into the floor, and beat him with handcuffs. Id., p. 8. Plaintiff vomited and suffered headaches, pains on the right side of his lower back, ringing in his ears, and seizures. Id., pp. 6-8. Plaintiff claims this attack worsened his epilepsy. Id., p. 6. Nurse Weir examined Plaintiff and determined he was "fine" because there was no blood. Id., p. 6. Plaintiff insists he was not fine and was not having a normal seizure. Id. Plaintiff claims Nurse Weir did not properly examine him, refused to give him pain medication (ibuprofen or Tylenol), and did not give him his seizure medication because she did not have a prescription from the doctor. Id., pp. 6-7. Plaintiff claims that by October 3, 2022, he still suffered pain, which contributed to increased seizures. Id., p. 8. Plaintiff fears he may have a major seizure in the future. Id.  Plaintiff is seeking from each defendant $350,000 in actual damages and $750,000 in punitive damages. Id., p. 11. Plaintiff is not seeking any injunctive relief including any medical treatment.

Case No. 1:23-cv-00116-AW-MAF

Plaintiff argues this case should not be dismissed because he meets the "imminent danger" exception. Id., pp. 8-9. According to Plaintiff, on his last visit to the nurse practitioner, on May 14, 2023, he complained the jail denied him pain medication to relieve his back pain. Id., p. 9. Plaintiff claims that prison officials fabricated a report that they found illegal naproxen pills among his property and are using this as a reason to deny him pain medications. Id. Plaintiff claims that pain increases the frequency of his seizures; he continues to have ringing in his ears and back pain, which interferes with his sleep. Id. Plaintiff told the nurse practitioner he cannot buy Tylenol at the commissary because he is indigent; sometimes fellow inmates purchase it for him. Id. This Court is sympathetic to Plaintiff's allegations; but he cannot meet the "imminent danger" exception and his affirmative misrepresentations made under the penalty of perjury cannot be ignored.

## III. Discussion

### A. Plaintiff is a Three-Striker under the PLRA

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without

prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The facts must not be asserted in a vague or "conclusory manner" and they must show that "at the time he filed his complaint," the plaintiff was "in imminent danger." O'Connor v. Sec'y, Fla. Dep't of Corr., 732 F. App'x 768, 770-771 (11th Cir. 2018).

Plaintiff admits he is a "three-striker." Therefore, the Court need not list those cases which were dismissed as strikes. Plaintiff simply did not allege any set of facts that show he is in imminent danger of serious physical injury *at the time he initiated this case* on May 8, 2023. The alleged attack and injuries occurred nearly eight months before Plaintiff initiated this case. Plaintiff presented no set of facts of anything that occurred at the time he filed the complaint or that he suffered from a health condition that was a threat to his life at that time.

The fact that the alleged assault causes Plaintiff to suffer residual pain or an exacerbation of his epilepsy up through the present date is insufficient to meet the "imminent danger" exception. See Edmond v. Tex. Dept. Of Corr., 1998 U.S. App. LEXIS 39412, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (inmate's allegations that prison officials' refusal to provide adequate medical care had caused seizures and nervous attacks were "insufficient to meet the threshold requirement of imminent danger of physical injury");

Case No. 1:23-cv-00116-AW-MAF

Gresham v. Meden, 938 F.3d 847, 850 (6th Cir. 2019) (chest pains, muscular restlessness, seizures, vomiting, stomach cramps, dizziness may cause discomfort and pain but are not the types of injuries leading to impending death or other severe bodily harm as intended by the exception); McCarthy v. Ebbert, 2017 U.S. Dist. LEXIS 84448, *3, No. 1:17-cv-0403 (M.D. Pa. June 1, 2017) (inmate's claim that prison officials denied all medications for his seizures, mental health, and back pain were insufficient to overcome the exception). Finally, Plaintiff is not alleging a complete lack of treatment for serious medical needs. Plaintiff's only allegation is that he is not receiving anything to alleviate his pain and pain exacerbates his seizure activity. See Brown v. Johnson, 387 F.3d 1344, 1346 (11th Cir. 2004) (inmate alleging prison doctors stopped all prescribed treatment for HIV and hepatitis sufficient to satisfy the imminent danger exception). Nothing suggests that Plaintiff will suffer imminent serious injury from his current medical condition.

Because Plaintiff has not qualified for the exception, he may not proceed *in forma pauperis*. Therefore, Plaintiff's IFP motion, ECF No. 8, should be denied; and the case should be dismissed without prejudice under § 1915(g).

Case No. 1:23-cv-00116-AW-MAF

### B. Plaintiff's Affirmative Misrepresentations

The pending Report outlines Plaintiff's affirmative misrepresentations regarding his litigation history made in his initial complaint. ECF No. 5. Plaintiff also made affirmative misrepresentations on his initial IFP motion (ECF No. 2). Id. This supplemental report will not repeat that analysis. It remains that nothing less than dismissal will deter this type of conduct. For example, providing Plaintiff another opportunity to amend his complaint to disclose four cases he intentionally omitted or to disclose the proper reasons for dismissal of his earlier cases equates to overlooking Plaintiff's deception. In at least one other case, the Court admonished Plaintiff for making affirmative misrepresentations; he did not learn the lesson. See N.D. Fla. Case No. 1:21-cv-00075-AW-GRJ, Brown v Brown. Dismissal also serves as a warning to other prisoners not to make false representations to the court.

The Court is not unsympathetic to Plaintiff's allegations of abuse and deliberate indifference to a serious medical need. Plaintiff may initiate a separate case using the proper complaint form, alleging sufficient facts, and with the requisite disclosures under the penalty of perjury. Each case is subject to a new case number and separate filing fee. Still, at the time Plaintiff initiates a new case, he must pay the $402 filing fee unless he meets the "imminent danger" exception; otherwise, it will be dismissed.

Case No. 1:23-cv-00116-AW-MAF

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the second motion to proceed *in forma pauperis*, ECF No. 8, should be **DENIED** and this case should be **DISMISSED WITHOUT PREJUDICE** because Plaintiff is a "three-striker," under 28 U.S.C. § 1915(g), who did not pay the filing fee at the time he initiated this case and does not meet the "imminent danger" exception. This case should also be dismissed as malicious because Plaintiff made affirmative misrepresentations regarding his litigation history. The case should be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, July 7, 2023.

>   s/ Martin A. Fitzpatrick
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).