IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**EDWARD LEE BROWN,**

    **Plaintiff,**

**v.**                                                                   **Case No. 1:23-cv-116-AW-MAF**

**MICHAEL NIGH, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

    Pro se prisoner Edward Lee Brown brought this § 1983 case and moved for leave to proceed in forma pauperis. ECF Nos. 1, 2. The magistrate judge screened Brown's initial complaint and recommended dismissal. ECF No. 5. Brown filed an amended complaint, ECF No. 7, and the magistrate judge again recommended dismissal because Brown is a three-striker under the PLRA, has not sufficiently alleged imminent danger of serious physical injury, and has not paid the filing fee, ECF No. 9 at 1-2. Brown filed objections to the report and recommendation, ECF No. 10, and I have considered de novo the issues he raised.

    Having carefully considered the matter, I now adopt the supplemental report and recommendation to the extent it recommends dismissal under the three-strikes provision. I do not reach the report and recommendation's alternate conclusion that Brown's affirmative misrepresentation of his litigation history also warrants dismissal.

1

The PLRA's three-strikes provision prohibits a prisoner from bringing a civil action and proceeding in forma pauperis if he has, on at least three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). There is an exception if "the prisoner is under imminent danger of serious physical injury." *Id.* Brown admits in his amended complaint he is a three-striker, but he says the prison staff's ongoing misconduct shows "the likelihood that [he is] under imminent danger of serious physical injury." ECF No. 7 at 8.

To satisfy the imminent-danger exception, though, Brown must allege specific facts showing "he is in imminent danger 'at the time he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310-11 (11th Cir. 2021) (cleaned up and quoting *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)); *see also id.* at 1311 ("General assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))). Brown's amended complaint alleges more about his medical condition and treatment than before. But even accepting the new allegations as true and liberally construing the complaint, *see Daker*, 999 F.3d at 1333, the additional details do not show Brown

was in imminent danger of serious physical injury at the time the complaint was filed.

Brown alleges he suffers "extensive pain" in his back and head because he was assaulted eight months ago. ECF No. 7 at 8. He says the pain triggered his "seizures to come more than normal, putting [him] in fear that [he] may go into a major seizure that could take [his] life." *Id.* After the assault, Brown alleges, he asked a nurse for pain medication to reduce his risk of seizures, but she refused his request. *Id.* at 7-8. But that happened months before Brown filed his complaint, and these allegations do not satisfy the § 1915(g) exception. *See Daker*, 999 F.3d at 1310-11.

Brown also claims the jail staff's ongoing misconduct—denying him pain medication—shows the likelihood of his imminent physical injury because he needs the pain medication to control the frequency of his seizures. ECF No. 7 at 9. At some point after his assault, he was prescribed the pain medication Naproxen. *Id.* at 8. That prescription was revoked after jail staff reportedly found 149 tablets of Naproxen hidden in Brown's cell. *Id.* at 9-10. Brown claims the staff fabricated the report "as an excuse to deny [him] pain medication . . . to keep [him] constantly at risk of catching a major seizure." *Id.* at 9.

Brown has not identified the frequency of his seizures or even when his most recent seizure was. In fact, he has not alleged any details to support his general claim that the pain medication would control the frequency of his seizures. For example,

he has not claimed he was seizure-free or experienced a substantial reduction in seizures when he took Naproxen. Without these sorts of details, there is no way to conclude that failing to prescribe him pain medication makes serious physical injury imminent—or even likely.

Finally, to the extent Brown complains that the magistrate judge did not treat his amended complaint as an initial filing in a new case (ECF No. 10 at 2), I note that Brown filed his amended complaint with the case number from this case. ECF No. 7.

The supplemental report and recommendation (ECF No. 9) is adopted in part. The clerk will enter a judgment that says, "Plaintiff's claims are DISMISSED without prejudice under the PLRA three-strikes provision." The amended motion for leave to proceed in forma pauperis (ECF No. 8) is DENIED.

The clerk will close the file.

SO ORDERED on September 5, 2023.

                                            s/ *Allen Winsor*
                                            United States District Judge